1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

ISILON SYSTEMS, INC., a Delaware
corporation,

                    Plaintiff,

    v.

TWIN CITY FIRE INSURANCE
COMPANY, an Indiana corporation,

                 Defendant.

CASE NO. C10-1392MJP

ORDER ON PLAINTIFF'S MOTION
TO COMPEL

17

18

19

20

    This matter comes before the Court on the motion to compel brought by Plaintiff Isilon

Systems, Inc. (Dkt. No. 69.) Having reviewed the motion, Defendant's opposition (Dkt. No. 81),

Plaintiff's reply (Dkt. No. 85), and all related documents (Dkt. Nos. 70, 71, 72, 82, 83, 86, 88,

93, and 94), the Court GRANTS IN PART Plaintiff's motion.

21

**Background**

22

23

24

    Plaintiff Isilon Sys., Inc. ("Isilon") alleges that Defendant Twin City Fire Ins. Co. ("Twin

City") has wrongfully withheld and redacted numerous documents for almost a year based on

meritless claims of privilege and attorney work product. (Dkt. No. 69 at 1-2.) Isilon alleges that

1   Twin City's privilege logs do not adequately describe the nature of the documents not produced.

2   (Id. at 2.) Isilon also objects to Twin City's assertion that information about loss reserves and

3   reinsurance is not discoverable. (Dkt. No. 72 at 4-8.)

4          Twin City objects that Isilon received its document production by January 2011, but

5   waited nearly eleven months to raise these questions. (Dkt. No. 81 at 2.) Twin City argues that

6   information about loss reserves is not relevant to bad faith claims, because a reserve does not

7   equate to an admission of liability or the value of a particular claim. (Id. at 11, citing Heights at

8   Issaquah Ridge Owners Assoc. v. Steadfast Ins. Co., 2007 WL 4410260 (W.D. Wash. 2007).)

9   Twin City also argues that information about reinsurance is not discoverable, except in a narrow

10  category of bad faith cases not existing here. (Dkt. No. 81 at 11.) Finally, Twin City argues that

11  redacted parts of its July 9, 2010 Claim Summary Report are protected by the attorney-client

12  privilege and the attorney work product doctrine. (Id. at 7.)

13                                    **Discussion**

14      I.      Privilege Logs

15         As a general matter, the privilege and redaction logs created by Twin City do not meet

16  the standard set by the Federal Rules. Federal Rule 26(b)(5)(A)(iii) requires that when a party

17  withholds otherwise discoverable information by claiming that the information is privileged, the

18  party must "describe the nature of the documents, communications, or tangible things not

19  produced or disclosed—and do so in a manner that, without revealing information itself

20  privileged or protected, will enable other parties to assess the claim."

21         The latest version of the privilege log submitted by Twin City contains only a few words

22  identifying the basis for redactions as either "reserves," "reinsurance," "work product,"

23  "attorney-client privilege," or "designated privileged and/or confidential by counsel for

24  Fuhlendorf." (Dkt. No. 70-1 at 53-62.) These descriptions do not provide any factual or legal

1    explanation for why privilege is asserted, and they are not sufficient to enable the opposing

2    party, or the Court, to assess the validity of the claimed privilege.

3            Twin City's latest privilege log contains 76 entries identifying a basis for

4    withholding/redaction. (Id.) Of these entries, 15 relate to documents designated privileged and/or

5    confidential by counsel for Stuart Fuhlendorf, which Twin City has since agreed to produce.

6    (Dkt. No. 72 at 4, n.1.) Of the 61 remaining items, 41 relate to loss reserves and 18 relate to

7    reinsurance. (Dkt. No. 70-1 at 53-62.) Only two relate to claims of attorney-client privilege or

8    attorney work product. (Id.) The Court addresses each type of claim in turn.

9        II.        Attorney-Client Privilege and Attorney Work Product

10          Because there are only two assertions of attorney-client privilege or attorney work

11   product among the 61 remaining disputed redactions, it is most efficient for the Court to review

12   these documents in camera to determine whether they are privileged. The two redactions at issue,

13   TC 02582 and TC 02583, both come from a Claim Summary Report dated July 9, 2010. (Dkt.

14   No. 70-1 at 61-62.) Isilon argues that these communications are not privileged because the

15   redacted sections do not contain communications, and because the recipients are claims

16   adjusters, not attorneys. (Dkt. No. 72 at 5.) Twin City argues instead that the redacted material is

17   protected because it pertains to Twin City's engagement of counsel and to counsel's opinion

18   regarding coverage. (Dkt. No. 81 at 7-8.)

19          Rather than attempting to devise what the redacted sections contain, it is far more

20   efficient for the Court to simply review these redactions in camera. In reviewing the two

21   redactions, the Court will apply state law to evaluate Twin City's assertion of attorney-client

22   privilege, and will apply federal law to evaluate Twin City's assertion of the attorney work

23   product doctrine. See Lexington Ins. Co. v. Swanson, 240 F.R.D. 662, 666 (W.D. Wash. 2007).

24

ORDER ON PLAINTIFF'S MOTION TO
COMPEL- 3

1  III.    Loss Reserves

2      A majority of Twin City's remaining redactions and withholdings—41 of 61—relate to

3  its assertion that Isilon is not entitled to obtain discovery regarding loss reserves because such

4  information is irrelevant. (Dkt. No. 81 at 8.) However, this Court has previously held that

5  insurance reserves are generally relevant in a bad faith case against insurance companies.

6  Lexington, 240 F.R.D. at 668. In Lexington, this Court observed that "Washington courts have

7  suggested that relevance is rarely a proper grounds in a bad faith case for refusing to produce

8  documents contained in the insurer's claims file." Id. (citing Excalante v. Sentry Ins. Co., 49 Wn.

9  App. 375, 393 n.10, 743 P.2d 832 (1987), disapproved of on other grounds by Ellwein v.

10  Hartford Accident & Indem. Co., 142 Wn.2d 766, 15 P.3d 640 (2001), (noting that "In general,

11  the relevancy objections raised by [the insurer] . . . are meritless because the very nature of most

12  bad faith actions makes most, if not all, of the insurer's claims file relevant.").

13      Twin City urges the Court to follow the reasoning of Heights, 2007 WL 4410260, where

14  Judge Martinez distinguished Lexington by pointing out that questions of relevancy in a diversity

15  case are governed by the Federal Rules of Evidence, and that the scope of discovery in federal

16  litigation may be narrower than it is under many state court rules. Id. at 2. In Heights, Judge

17  Martinez held that information on loss reserves was not relevant because "there was no reason to

18  believe the reserves were anything other than an accounting decision made by persons with "no

19  knowledge of the particulars of the insured's actual policies." Id. at 2.

20      However, the present case is distinguishable from Heights, because Isilon is able to point

21  to specific deposition testimony from Twin City's agent stating that reserve requests greater than

22  $1 million must be approved by Twin City's upper management. (Dkt. No. 71 at 37-39.) Because

23  decisions related to reserves in this case were not "made by persons without knowledge of the

24

ORDER ON PLAINTIFF'S MOTION TO
COMPEL- 4

1   insured's actual policies," but were instead specifically authorized on a case-by-case basis,

2   reserve information is likely relevant. Fed. R. Civ. P. 26(b)(1).

3        Like in Lexington, Twin City does not assert work-product protection for documents that

4   contain reserve information, but only raises relevance objections. 240 F.R.D. at 668. This Court

5   has previously held that "aggregate reserve information" is not protected work product, but that

6   "individual case reserves calculated by defendant's attorneys" may constitute work product. Id.

7   While Twin City's loss reserve information is generally discoverable in this case, specific

8   redactions may be permissible if Twin City asserts that they represent individual case reserves

9   calculated by its attorneys.

10       Because loss reserve information is relevant here, Twin City must turn over all materials

11  withheld or redacted relating to loss reserves. To the extent that Twin City claims that this

12  information constitutes protected work product, the Court shall review any documents subject to

13  a claim of privilege in camera to determine whether they are protected.

14       IV.    Reinsurance

15       With respect to reinsurance, the reinsurance policies themselves are discoverable under

16  Federal Rule 26(a)(1)(D). Heights, 2007 WL 4410260 at 3; Great Lakes Dredge and Dock Co. v.

17  Commercial Union Assurance Co., 159 F.R.D. 502, 504 (N.D. Ill. 1995). The rule is absolute

18  and does not require a showing of relevance. United States Fire Ins. Co. v. Bunge North

19  America, 244 F.R.D. 638, 641 (D. Kan. 2007). This rule does not, however, extend to

20  communications between insured and reinsurer regarding the reinsurance policies. Excelsior

21  College v. Frye, 233 F.R.D. 583, 585 (S.D. Cal. 2006). To obtain discovery of those

22  communications, plaintiff must demonstrate their relevance to the bad faith claim. Heights at 3.

23       To the extent that Isilon sought reinsurance policies in its document requests, Twin City

24  is required to produce them, without requiring Isilon to followup on its requests. (Dkt. No. 81 at

ORDER ON PLAINTIFF'S MOTION TO
COMPEL- 5

1    11.) However, Twin City is only required to produce communications with its reinsurers to the

2    extent that Isilon demonstrates those communications may be relevant.

3        In the present motion, Isilon argues that communications between Twin City and its

4    reinsurers "undoubtedly will bear on Twin City's evaluations of Isilon's claim. (Dkt. No. 72 at

5    9.) However, unlike its claim to information about loss reserves, Isilon does not present any

6    reason to believe that Twin City's reinsurance decisions are made at a specific, not a general,

7    level. Heights at 4. In fact, Twin City presents evidence that "the Twin City policy is a part of a

8    block of business that is subject to treaty reinsurance." (Dkt. No. 81 at 12, citing Dkt. No. 83 at

9    2.)  As Judge Martinez explained in Heights, the assumption that reinsurance decisions do not

10    involve questions of policy interpretation is especially applicable when the reinsurance is treaty

11    insurance. Heights at 4.

12        While Twin City must produce all reinsurance policies themselves pursuant to Federal

13    Rule 26(a)(1)(D), Twin City does not have to produce other reinsurance documents unless Isilon

14    presents a basis for the relevance of such documents. This, however, does not alter Twin City's

15    obligation to provide a more complete description of such redactions and withholdings as

16    required by the Federal Rules.

17      V.      Depositions

18        As a result of Twin City's failure to adequately respond to Isilon's discovery requests,

19    Isilon asks the Court to compel Twin City to produce Patrick Maloney, Woody Hong, and

20    Anthony Fowler for further deposition testimony. (Dkt. No. 88 at 6.) This request is reasonable

21    both to allow Isilon to question these individuals about late-produced document, and about the

22    documents arising from the Court's decision on this motion to compel. Specifically, Twin City's

23    late production of handwritten notes of Mr. Hong and Mr. Fowler which Twin City inadvertently

24    withheld until after their depositions justifies continued depositions. (Dkt. No. 88 at 6.)

1    VI.    Sanctions

2        After deciding a motion to compel discovery, a district court must award the prevailing

3    party its reasonable expenses, including attorney's fees, unless one of three exceptions applies.

4    Fed. R. Civ. P. 37(a)(5). Those exceptions arise when (1) the movant failed to attempt in good

5    faith to obtain discovery without court action, (2) the opposing party's nondisclosure was

6    substantially justified, or (3) other circumstances make an award of expenses unjust. Id.; Reygo

7    Pac. Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982) (expenses ordinarily

8    awarded unless court finds that losing party acted justifiably in carrying point to court).

9        Here, although Twin City prevails on the reinsurance issue, the Court finds that Twin

10   City's overall position in this matter is not substantially justified. Of the 61 remaining redactions

11   or withholdings at issue, only 18 relate to reinsurance. (Dkt. No. 70-1 at 53-62.) Additionally,

12   since the substantial justification standard is objective, a prevailing party can secure an expense

13   sanction award without proving that the losing party acted in bad faith. See Eureka Fin. Corp. v.

14   Hartford Accident & Indem. Co., 136 F.R.D. 179, 186 (E.D. Cal. 1991) (lack of substantial

15   justification does not require bad faith, even negligent failure to allow reasonable discovery may

16   establish cause for imposing sanctions).

17       While there is no clear evidence of bad faith, there is substantial evidence of negligence.

18   Twin City's practice of submitting multiple privilege logs related to the same information

19   highlights the insufficiency of its response. (Dkt. No. 72 at 2-3.) Twin City has also engaged in a

20   worrisome pattern of forcing Isilon to raise questions about Twin City's production, only to have

21   Twin City respond by providing "updated" logs or finding documents which had been

22   inadvertently withheld, such as extensive handwritten notes by the key Twin City claims

23   handlers. (Dkt. No. 70 at 1-3; Dkt. No. 72 at 3.)

24

ORDER ON PLAINTIFF'S MOTION TO
COMPEL- 7

1    Before entering an award of sanctions, a court must give the persons or parties to be

2    sanctioned an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). This may consist of an oral

3    hearing or by considering written submissions from the affected parties. See Hayden Stone, Inc.

4    v. Brode, 508 F.2d 895, 897 (7th Cir. 1974). In this case, the Court shall consider written

5    submissions. The sanctions imposed are limited to expenses incurred in connection with the

6    motion to compel, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

7    VII.    Case Schedule

8    The Court's disposition of this motion to compel requires an extension of the case

9    schedule to permit additional discovery. The discovery deadline expired Jan. 17, 2012, and trial

10    is currently set for May 21, 2012. (Dkt. No. 59 at 2.) On Jan. 17, 2012, the Court extended the

11    deadline regarding some depositions to March 19, 2012. (Dkt. No. 110.) To permit the additional

12    discovery at issue in this motion, the Court extends the deadline for all discovery to March 19,

13    2012.

14    **Conclusion**

15    Because Twin City's privilege log does not comply with Federal Rule 26(b)(5) and

16    because Twin City unjustifiably withheld information on loss reserves, the Court GRANTS IN

17    PART Isilon's motion to compel. Twin City is hereby ORDERED to submit a revised privilege

18    log complying with Federal Rule 26(b)(5)(A)(iii) within 7 days of the entry of this order.

19    Twin City is further ORDERED to do the following within 7 days of the entry of this

20    order: deliver its Claim Summary Report dated July 9, 2010 to the Court for in camera review;

21    produce all materials withheld or redacted relating to loss reserves, except to the extent that Twin

22    City claims that such information constitutes protected work product, in which case such

23    materials shall be delivered to the Court for in camera review; produce all reinsurance policies

24    pursuant to Federal Rule 26(a)(1)(D); and provide a more complete description of redactions and

ORDER ON PLAINTIFF'S MOTION TO
COMPEL- 8

1  withholdings related to reinsurance as required by the Federal Rules. Twin City is further

2  ORDERED to produce Patrick Maloney, Woody Hong, and Anthony Fowler for further

3  deposition testimony before the new discovery cutoff of March 19, 2012.

4          Isilon is ORDERED to submit a declaration describing its costs and fees associated with

5  the present motion within 7 days of the entry of this order. Twin City shall be given 7 days from

6  the entry of Isilon's declaration to submit a response to the Court.

7          The clerk is ordered to provide copies of this order to all counsel.

8          Dated this 15th day of February, 2012.

9

10

11          _____
           Marsha J. Pechman
12          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24