UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ISILON SYSTEMS, INC., a Delaware corporation,

    Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY, an Indiana corporation,

    Defendant.

CASE NO. C10-1392MJP

ORDER ON PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on the motion to compel brought by Plaintiff Isilon Systems, Inc. (Dkt. No. 69.) Having reviewed the motion, Defendant's opposition (Dkt. No. 81), Plaintiff's reply (Dkt. No. 85), and all related documents (Dkt. Nos. 70, 71, 72, 82, 83, 86, 88, 93, and 94), the Court GRANTS IN PART Plaintiff's motion.

**Background**

Plaintiff Isilon Sys., Inc. ("Isilon") alleges that Defendant Twin City Fire Ins. Co. ("Twin City") has wrongfully withheld and redacted numerous documents for almost a year based on meritless claims of privilege and attorney work product. (Dkt. No. 69 at 1-2.) Isilon alleges that

Twin City's privilege logs do not adequately describe the nature of the documents not produced. (Id. at 2.) Isilon also objects to Twin City's assertion that information about loss reserves and reinsurance is not discoverable. (Dkt. No. 72 at 4-8.)

Twin City objects that Isilon received its document production by January 2011, but waited nearly eleven months to raise these questions. (Dkt. No. 81 at 2.) Twin City argues that information about loss reserves is not relevant to bad faith claims, because a reserve does not equate to an admission of liability or the value of a particular claim. (Id. at 11, citing Heights at Issaquah Ridge Owners Assoc. v. Steadfast Ins. Co., 2007 WL 4410260 (W.D. Wash. 2007).) Twin City also argues that information about reinsurance is not discoverable, except in a narrow category of bad faith cases not existing here. (Dkt. No. 81 at 11.) Finally, Twin City argues that redacted parts of its July 9, 2010 Claim Summary Report are protected by the attorney-client privilege and the attorney work product doctrine. (Id. at 7.)

**Discussion**

I.  Privilege Logs

As a general matter, the privilege and redaction logs created by Twin City do not meet the standard set by the Federal Rules. Federal Rule 26(b)(5)(A)(iii) requires that when a party withholds otherwise discoverable information by claiming that the information is privileged, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

The latest version of the privilege log submitted by Twin City contains only a few words identifying the basis for redactions as either "reserves," "reinsurance," "work product," "attorney-client privilege," or "designated privileged and/or confidential by counsel for Fuhlendorf." (Dkt. No. 70-1 at 53-62.) These descriptions do not provide any factual or legal

explanation for why privilege is asserted, and they are not sufficient to enable the opposing party, or the Court, to assess the validity of the claimed privilege.

Twin City's latest privilege log contains 76 entries identifying a basis for withholding/redaction. (Id.) Of these entries, 15 relate to documents designated privileged and/or confidential by counsel for Stuart Fuhlendorf, which Twin City has since agreed to produce. (Dkt. No. 72 at 4, n.1.) Of the 61 remaining items, 41 relate to loss reserves and 18 relate to reinsurance. (Dkt. No. 70-1 at 53-62.) Only two relate to claims of attorney-client privilege or attorney work product. (Id.) The Court addresses each type of claim in turn.

II.     Attorney-Client Privilege and Attorney Work Product

Because there are only two assertions of attorney-client privilege or attorney work product among the 61 remaining disputed redactions, it is most efficient for the Court to review these documents in camera to determine whether they are privileged. The two redactions at issue, TC 02582 and TC 02583, both come from a Claim Summary Report dated July 9, 2010. (Dkt. No. 70-1 at 61-62.) Isilon argues that these communications are not privileged because the redacted sections do not contain communications, and because the recipients are claims adjusters, not attorneys. (Dkt. No. 72 at 5.) Twin City argues instead that the redacted material is protected because it pertains to Twin City's engagement of counsel and to counsel's opinion regarding coverage. (Dkt. No. 81 at 7-8.)

Rather than attempting to devise what the redacted sections contain, it is far more efficient for the Court to simply review these redactions in camera. In reviewing the two redactions, the Court will apply state law to evaluate Twin City's assertion of attorney-client privilege, and will apply federal law to evaluate Twin City's assertion of the attorney work product doctrine. See Lexington Ins. Co. v. Swanson, 240 F.R.D. 662, 666 (W.D. Wash. 2007).

III. Loss Reserves

A majority of Twin City's remaining redactions and withholdings—41 of 61—relate to its assertion that Isilon is not entitled to obtain discovery regarding loss reserves because such information is irrelevant. (Dkt. No. 81 at 8.) However, this Court has previously held that insurance reserves are generally relevant in a bad faith case against insurance companies. Lexington, 240 F.R.D. at 668. In Lexington, this Court observed that "Washington courts have suggested that relevance is rarely a proper grounds in a bad faith case for refusing to produce documents contained in the insurer's claims file." Id. (citing Excalante v. Sentry Ins. Co., 49 Wn. App. 375, 393 n.10, 743 P.2d 832 (1987), disapproved of on other grounds by Ellwein v. Hartford Accident & Indem. Co., 142 Wn.2d 766, 15 P.3d 640 (2001), (noting that "In general, the relevancy objections raised by [the insurer] . . . are meritless because the very nature of most bad faith actions makes most, if not all, of the insurer's claims file relevant.").

Twin City urges the Court to follow the reasoning of Heights, 2007 WL 4410260, where Judge Martinez distinguished Lexington by pointing out that questions of relevancy in a diversity case are governed by the Federal Rules of Evidence, and that the scope of discovery in federal litigation may be narrower than it is under many state court rules. Id. at 2. In Heights, Judge Martinez held that information on loss reserves was not relevant because "there was no reason to believe the reserves were anything other than an accounting decision made by persons with "no knowledge of the particulars of the insured's actual policies." Id. at 2.

However, the present case is distinguishable from Heights, because Isilon is able to point to specific deposition testimony from Twin City's agent stating that reserve requests greater than $1 million must be approved by Twin City's upper management. (Dkt. No. 71 at 37-39.) Because decisions related to reserves in this case were not "made by persons without knowledge of the

insured's actual policies," but were instead specifically authorized on a case-by-case basis, reserve information is likely relevant. Fed. R. Civ. P. 26(b)(1).

Like in Lexington, Twin City does not assert work-product protection for documents that contain reserve information, but only raises relevance objections. 240 F.R.D. at 668. This Court has previously held that "aggregate reserve information" is not protected work product, but that "individual case reserves calculated by defendant's attorneys" may constitute work product. Id. While Twin City's loss reserve information is generally discoverable in this case, specific redactions may be permissible if Twin City asserts that they represent individual case reserves calculated by its attorneys.

Because loss reserve information is relevant here, Twin City must turn over all materials withheld or redacted relating to loss reserves. To the extent that Twin City claims that this information constitutes protected work product, the Court shall review any documents subject to a claim of privilege in camera to determine whether they are protected.

IV. Reinsurance

With respect to reinsurance, the reinsurance policies themselves are discoverable under Federal Rule 26(a)(1)(D). Heights, 2007 WL 4410260 at 3; Great Lakes Dredge and Dock Co. v. Commercial Union Assurance Co., 159 F.R.D. 502, 504 (N.D. Ill. 1995). The rule is absolute and does not require a showing of relevance. United States Fire Ins. Co. v. Bunge North America, 244 F.R.D. 638, 641 (D. Kan. 2007). This rule does not, however, extend to communications between insured and reinsurer regarding the reinsurance policies. Excelsior College v. Frye, 233 F.R.D. 583, 585 (S.D. Cal. 2006). To obtain discovery of those communications, plaintiff must demonstrate their relevance to the bad faith claim. Heights at 3.

To the extent that Isilon sought reinsurance policies in its document requests, Twin City is required to produce them, without requiring Isilon to followup on its requests. (Dkt. No. 81 at

11.) However, Twin City is only required to produce communications with its reinsurers to the extent that Isilon demonstrates those communications may be relevant.

In the present motion, Isilon argues that communications between Twin City and its reinsurers "undoubtedly will bear on Twin City's evaluations of Isilon's claim. (Dkt. No. 72 at 9.) However, unlike its claim to information about loss reserves, Isilon does not present any reason to believe that Twin City's reinsurance decisions are made at a specific, not a general, level. Heights at 4. In fact, Twin City presents evidence that "the Twin City policy is a part of a block of business that is subject to treaty reinsurance." (Dkt. No. 81 at 12, citing Dkt. No. 83 at 2.) As Judge Martinez explained in Heights, the assumption that reinsurance decisions do not involve questions of policy interpretation is especially applicable when the reinsurance is treaty insurance. Heights at 4.

While Twin City must produce all reinsurance policies themselves pursuant to Federal Rule 26(a)(1)(D), Twin City does not have to produce other reinsurance documents unless Isilon presents a basis for the relevance of such documents. This, however, does not alter Twin City's obligation to provide a more complete description of such redactions and withholdings as required by the Federal Rules.

V. Depositions

As a result of Twin City's failure to adequately respond to Isilon's discovery requests, Isilon asks the Court to compel Twin City to produce Patrick Maloney, Woody Hong, and Anthony Fowler for further deposition testimony. (Dkt. No. 88 at 6.) This request is reasonable both to allow Isilon to question these individuals about late-produced document, and about the documents arising from the Court's decision on this motion to compel. Specifically, Twin City's late production of handwritten notes of Mr. Hong and Mr. Fowler which Twin City inadvertently withheld until after their depositions justifies continued depositions. (Dkt. No. 88 at 6.)

## VI. Sanctions

After deciding a motion to compel discovery, a district court must award the prevailing party its reasonable expenses, including attorney's fees, unless one of three exceptions applies. Fed. R. Civ. P. 37(a)(5). Those exceptions arise when (1) the movant failed to attempt in good faith to obtain discovery without court action, (2) the opposing party's nondisclosure was substantially justified, or (3) other circumstances make an award of expenses unjust. Id.; Reygo Pac. Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982) (expenses ordinarily awarded unless court finds that losing party acted justifiably in carrying point to court).

Here, although Twin City prevails on the reinsurance issue, the Court finds that Twin City's overall position in this matter is not substantially justified. Of the 61 remaining redactions or withholdings at issue, only 18 relate to reinsurance. (Dkt. No. 70-1 at 53-62.) Additionally, since the substantial justification standard is objective, a prevailing party can secure an expense sanction award without proving that the losing party acted in bad faith. See Eureka Fin. Corp. v. Hartford Accident & Indem. Co., 136 F.R.D. 179, 186 (E.D. Cal. 1991) (lack of substantial justification does not require bad faith, even negligent failure to allow reasonable discovery may establish cause for imposing sanctions).

While there is no clear evidence of bad faith, there is substantial evidence of negligence. Twin City's practice of submitting multiple privilege logs related to the same information highlights the insufficiency of its response. (Dkt. No. 72 at 2-3.) Twin City has also engaged in a worrisome pattern of forcing Isilon to raise questions about Twin City's production, only to have Twin City respond by providing "updated" logs or finding documents which had been inadvertently withheld, such as extensive handwritten notes by the key Twin City claims handlers. (Dkt. No. 70 at 1-3; Dkt. No. 72 at 3.)

Before entering an award of sanctions, a court must give the persons or parties to be sanctioned an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). This may consist of an oral hearing or by considering written submissions from the affected parties. See <u>Hayden Stone, Inc. v. Brode</u>, 508 F.2d 895, 897 (7th Cir. 1974). In this case, the Court shall consider written submissions. The sanctions imposed are limited to expenses incurred in connection with the motion to compel, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

VII.   <u>Case Schedule</u>

The Court's disposition of this motion to compel requires an extension of the case schedule to permit additional discovery. The discovery deadline expired Jan. 17, 2012, and trial is currently set for May 21, 2012. (Dkt. No. 59 at 2.) On Jan. 17, 2012, the Court extended the deadline regarding some depositions to March 19, 2012. (Dkt. No. 110.) To permit the additional discovery at issue in this motion, the Court extends the deadline for all discovery to March 19, 2012.

**Conclusion**

Because Twin City's privilege log does not comply with Federal Rule 26(b)(5) and because Twin City unjustifiably withheld information on loss reserves, the Court GRANTS IN PART Isilon's motion to compel. Twin City is hereby ORDERED to submit a revised privilege log complying with Federal Rule 26(b)(5)(A)(iii) within 7 days of the entry of this order.

Twin City is further ORDERED to do the following within 7 days of the entry of this order: deliver its Claim Summary Report dated July 9, 2010 to the Court for in camera review; produce all materials withheld or redacted relating to loss reserves, except to the extent that Twin City claims that such information constitutes protected work product, in which case such materials shall be delivered to the Court for in camera review; produce all reinsurance policies pursuant to Federal Rule 26(a)(1)(D); and provide a more complete description of redactions and

withholdings related to reinsurance as required by the Federal Rules. Twin City is further ORDERED to produce Patrick Maloney, Woody Hong, and Anthony Fowler for further deposition testimony before the new discovery cutoff of March 19, 2012.

Isilon is ORDERED to submit a declaration describing its costs and fees associated with the present motion within 7 days of the entry of this order. Twin City shall be given 7 days from the entry of Isilon's declaration to submit a response to the Court.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 15th day of February, 2012.

Marsha J. Pechman
United States District Judge