UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISILON SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE COMPANY, an Indiana corporation,<br><br>Defendant. | CASE NO.: C 10-1392 MJP<br><br>ORDER ON DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM PURSUING UNPLED CLAIMS |

This matter comes before the Court on Defendant's motion to preclude Plaintiff from pursuing unpled damage claims or, alternatively, to extend the case management deadlines. (Dkt. Nos. 64, 65.) Having reviewed the motion, Plaintiff's opposition (Dkt. No. 74), Defendant's reply (Dkt. No. 80), and all related papers, the Court GRANTS the motion in part and DENIES the motion in part.

**Background**

During the first fifteen months of this litigation, Defendant operated under the impression that Plaintiff was suing only for damages stemming from the alleged claims of bad

ORDER ON DEFENDANT'S MOTION TO
PRECLUDE PLAINTIFF FROM PURSUING
UNPLED CLAIMS- 1

faith and wrongful denial of insurance coverage for the underlying action. (Dkt. No. 65 at 2.) Defendant brought this motion when it learned of Plaintiff's intentions to pursue new damages claims during a deposition of Plaintiff's corporate designee, Keenan Conder, on November 17, 2011. (Id. at 6.) During the deposition, Plaintiff asserted its plans to seek two categories of damages. (Id.) First, Plaintiff disclosed its intentions to seek unpaid interest on the $5 million insurance policy it claims Defendant wrongfully withheld. (Id.) Plaintiff alleges that because it was forced to pay former Isilon CFO Stuart Fuhlendorf's costs, it sustained $172,814.61 in interest for the period of time between the date "Twin City's reimbursement obligation accrued as to each invoice, and the date Twin City fully paid" the $5 million. (Dkt. No. 67, Ex. 3 at 5.) Plaintiff calculated this amount by applying an annual interest rate of 10 percent. (Id.)

The second objection arose when Plaintiff disclosed its intentions to seek $2 million in damages stemming from a separate lawsuit, Dr. Magdy Fouad v. Isilon Sys., Inc., where Plaintiff contends that Defendant's denial of insurance coverage for that case days before the settlement mediation caused Plaintiff to achieve a bad settlement. Dr. Magdy Fouad v. Isilon Systems, Inc., Case No. C07-1764MJP (W.D. Wash. Mar. 5, 2010); (Dkt. No. 65 at 6 n.3; Dkt. No. 80 at 3). Plaintiff contends that Defendant's denial of insurance coverage hindered its ability to negotiate during the mediation and that it would have achieved a superior settlement had Defendant not denied coverage. (Dkt. No. 65 at 3, 10.) Plaintiff's amended and original complaints fail to request relief stemming from the class action settlement case. (Dkt. No. 1 at ¶¶ 30-48; Dkt. No. 20 at ¶¶ 30-57.)

**Analysis**

1. Prejudgment Interest

Defendant's motion to preclude Plaintiff from seeking prejudgment interest on the underlying claim fails because prejudgment interest is a general damage, and need not be pled

with specificity. Damages fall into two categories: general and special. Special damages are those elements of damages that are the natural, but not the necessary, consequence of a defendant's conduct. Roberts v. Graham, 73 U.S. 578, 579 (1867). A plaintiff must plead special damages with specificity. Id.; Fed. R. Civ. P. 9(g). In contrast, general damages do not need to be pled with specificity. Prudence Co. v. Fidelity & Deposit Co. of Maryland, 297 U.S. 198, 207-08 (1936).

In diversity actions, a court applies the substantive law of the state in which it sits. 28 U.S.C. § 1652; Erie R. R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). In Washington State, prejudgment interest is a general damage for breach of contract claims when a court can easily determine the amount of underlying damages. See Prier v. Refrigeration Eng'g Co., 74 Wn.2d 25, 32 (1968) (court found underlying damages in a breach of contract claim easily calculable where the amount necessary to complete the contract for repairs of an ice rink was obvious). A court calculates prejudgment interest based on the maximum rate permitted under RCW 19.52.020. RCW 4.56.110(4). Here, the amount of underlying damages can be determined because the parties do not dispute that Defendant has given the full $5 million of insurance policy limits to Plaintiff. (Dkt. No. 67, Ex. 3 at 5.) Prejudgment interest on the $5 million underlying damages claim constitutes a general damage, so Plaintiff need not plead it with specificity.

Defendant's motion to preclude Plaintiff from seeking prejudgment interest on the underlying claim also fails because Plaintiff's original and amended complaints include a clear demand for interest. In both complaints, Plaintiff stated that as a result of Defendant's breach of contract Plaintiff has been injured and seeks "damages against Twin City according to proof at

ORDER ON DEFENDANT'S MOTION TO
PRECLUDE PLAINTIFF FROM PURSUING
UNPLED CLAIMS- 3

the time of trial, plus interest . . . ." (Dkt. No. 1 at 7-8, 12; Dkt. No. 20 at 8, 13.) This statement sufficiently puts Defendant on notice of Plaintiff's prejudgment interest claim.

2. Class Action Settlement Damages

Plaintiff is precluded from seeking damages related to the settlement of a separate class action lawsuit because it did not properly plead its class action settlement claim in its original or amended complaint. The Federal Rules require a plaintiff to plead a short and plain statement establishing why it is entitled to damages and giving notice to defendants. Fed. R. Civ. P 8(a)(2-3); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In both the original and amended complaints, Plaintiff indicates it will seek recovery for Defendant's engagement in "a course of conduct wrongfully and vexatiously to refuse to provide insurance coverage due and owing to Isilon and Fuhlendorf." (Dkt. No. 1 at ¶ 35; Dkt. No. 20 at ¶ 35.) Plaintiff's pleadings did not notify Defendant of Plaintiff's intention to pursue damages from the class action settlement. (Dkt. No. 1 at ¶¶ 30-48; Dkt. No. 20 at ¶¶ 30-57.) Because Plaintiff failed to put Defendant on notice, it is precluded from bringing its class action settlement damages claim.

3. Leave To Amend

The Federal Rules direct courts to freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave to amend is denied when it would cause undue delay and prejudice. A court's decision to grant or deny leave to amend is discretionary. Foman v. Davis, 371 U.S. 178, 182 (1962). A court may deny leave to amend based on the following factors: bad faith in seeking amendment, undue delay, prejudice to the opposing party, and/or futility. Id. However, these factors are not weighed equally. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Prejudice to the opposing party carries the greatest weight and a finding of prejudice alone can warrant denial of leave to amend. See Eminence Capital, LLC v. Aspeon,

Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387-88 (9th Cir. 1990).

Permitting amendment at this point would prejudice Defendant because the discovery period closed on January 17, 2012, and Defendant has not been given adequate time to investigate the class action settlement claim. A court will find prejudice if an amendment would cause a need to reopen discovery, a delay in the proceedings, and substantial additional litigation expense. Jackson, 902 F.2d at 1387-88 (court found prejudice where nonmovant would have to undertake additional discovery on new claims because claims involved different legal theories and facts); cf. Owens v. Kaiser Found. Health Plan Inc., 244 F.3d 708, 712 (9th Cir. 2001) (court found no prejudice to defendant where an amendment caused no delay in the proceedings, required no additional discovery, and did not require additional litigation expenses). To properly defend this claim, Defendant would need to undertake additional discovery to investigate a new set of facts. (Dkt. No. 65 at 12.) Therefore, Plaintiff's request for leave to amend is denied because Defendant would be prejudiced by an amendment.

Permitting amendment at this point in the litigation would also cause undue delay. (Dkt. No. 65 at 10-12.) A court evaluates the delay issue by determining whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. Jackson, 902 F.2d at 1388. Here, Plaintiff knew about the class action settlement claim when it filed its original and amended complaints, but omitted this claim from those pleadings. (Dkt. No. 74 at 3.) The Court has already extended the case management schedule four times in this case, and trial is set for May 21, 2012. (Dkt. Nos. 30, 43, 45, 59.) Plaintiff's motion for leave to amend would cause undue delay.

The third and fourth Foman factors, bad faith and futility of amendment, do not weigh in favor of denying leave to amend. Foman, 371 U.S. at 182. However, not all Foman factors are given equal weight. DCD Programs, Ltd., 833 F.2d at 186. This is particularly the case when an amendment would prejudice a defendant. Jackson, 902 F.2d at 1388.

4. Extension of Case Schedule

Because there is no justification to permit Plaintiff to pursue its class action settlement damages claim, Defendant's motion to extend the case schedule is denied. A pretrial schedule may be modified only for good cause and with a court's consent. Fed. R. Civ. P. 16(b)(4); W.D. Wash. Local Rule CR 16(m). A court will find "good cause" if the schedule cannot be met despite the diligence of the party seeking the extension. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992) (finding movant did not demonstrate good cause where movant was fully aware of all of the facts and legal theories of the case, yet failed to properly investigate them on its own accord). Here, Defendant fails to establish a good reason to extend the case management schedule because it learned of the specific amount of interest Plaintiff seeks during the course of discovery and had an opportunity to request calculation clarifications. (Dkt. No. 74 at 13.)

5. Duty To Meet And Confer

Plaintiff's objection to the present motion on the ground that Defendant did not meet and confer before filing it is baseless. (Dkt. No. 80 at 2-3.) Federal Rule of Civil Procedure 37(a)(1) and Local Rule CR 37(a)(1)(A) require a party moving for an order compelling disclosure or discovery to make a good faith effort to confer or attempt to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. Although the Court always encourages parties to meet and confer, it is not mandatory in this case. Because Defendant's

motion is to preclude Plaintiff from pursuing unpled damages claims, not to compel disclosure or discovery, Defendant did not have a duty to meet and confer with Plaintiff regarding this motion.

**Conclusion**

The Court GRANTS Defendant's motion to preclude Plaintiff from pursuing damages stemming from the separate class action settlement case because Plaintiff did not properly plead that claim. The Court DENIES Defendant's motion to preclude Plaintiff from pursuing prejudgment interest because Plaintiff properly pled that claim. The Court DENIES Defendant's motion to extend case management and discovery deadlines because Defendant has not established good cause. The Court DENIES Plaintiff's motion for leave to amend because Plaintiff did not properly motion this court for leave and amendment would cause undue delay and prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 15th day of February, 2012.

Marsha J. Pechman
United States District Judge