UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISILON SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE COMPANY, an Indiana corporation,<br><br>Defendant. | CASE NO. C10-1392MJP<br><br>ORDER ON IN CAMERA REVIEW OF TWIN CITY CLAIM SUMMARY REPORT |

This matter comes before the Court on Twin City Fire Ins. Co.'s submission of its unredacted Claim Summary Report dated July 9, 2010, for in camera review pursuant to the Court's order (Dkt. No. 142) on the motion to compel filed by Plaintiff Isilon Systems, Inc. (Dkt. No. 69). Having reviewed the unredacted Claim Summary Report, the related briefing (Dkt. Nos. 72, 81, 88), and the remaining record, the Court concludes that the redactions are not protected and ORDERS Twin City to turn over the unredacted Claim Summary Report to Isilon.

**Background**

The two redacted paragraphs at issue appear on pages of the Claim Summary Report stamped TC 02582 and TC 02583. Twin City argues that the redacted materials are protected because they contain information pertaining to Twin City's engagement of counsel and to counsel's opinion regarding coverage. (Dkt. No. 81 at 7-8.) Isilon in turn argues that these communications are not privileged because the redacted sections do not contain "communications," and because they were prepared by claims adjusters, not attorneys engaged in representing Twin City. (Dkt. No. 72 at 5.)

In reviewing these redactions, the Court applies Washington state law to evaluate Twin City's assertion of attorney-client privilege, but applies federal law to evaluate Twin City's assertion of the attorney work product doctrine. See Lexington Ins. Co. v. Swanson, 240 F.R.D. 662, 666 (W.D. Wash. 2007). Under Washington law, the attorney-client privilege shields from production confidential communications between an attorney and the attorney's client. See RCW 5.60.060; see also Zink v. City of Mesa, 162 Wn. App. 688, 725 (2001) ("A communication between an attorney and his or her client is protected under the attorney-client privilege if it is made in confidence."). In Washington, the party asserting the attorney-client privilege bears the burden of proving that the material at issue qualifies for protection under the attorney-client privilege. Dietz v. Doe, 131 Wn.2d 835, 844 (1997).

To qualify as protected attorney work product, a document must "(1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that party's representative." United States v. Richey, 632 F.3d 559, 567 (9th Cir. 2011), citing In re Grand Jury Subpoena, Mark/Torf/Torf Envtl. Mgmt., 357 F.3d 900, 907 (9th Cir. 2004). The

party asserting the privilege bears the burden of proving that the redacted information qualifies as work product. Heath v. F/V Zolotoi, 221 F.R.D. 545, 549 (W.D. Wash. 2004).

**Analysis**

TC 02582

The first redaction, on page TC 02582, is a two-sentence paragraph that discusses Twin City's decision to engage counsel and the preliminary opinion of counsel that there was a breach of warranty. (TC 02582.) Twin City argues that the first sentence "pertains to Twin City's engagement of counsel and the reason for its having done so," while the second sentence "concerns counsel's opinion regarding coverage." (Dkt. No. 81 at 7.) Isilon counters that "internal communications by lay witnesses, even about needing counsel or reasons for it, are not protected." (Dkt. No. 88 at 2.) Isilon also objects that the privilege log does not identify any such counsel, and that no witness has testified that counsel was engaged by the time of the entry." (Dkt. No. 88 at 3.)

Twin City fails to meet its burden with respect to the material on page TC 02582 because Twin City does not show that its Claim Summary Report is a "communication" between the company and its attorney. See RCW 5.60.060. First, the material at issue was not prepared by Twin City's attorney; it was prepared by Twin City's claim adjuster, Patrick Maloney, who was not acting as Twin City's attorney in this matter. (See Dkt. No. 72 at 5, citing Cedell v. Farmers Ins. Co. of Washington, 157 Wn. App. 267, 275 (2010) ("A claims adjuster's conduct is not privileged simply because the claims adjuster happens to be a lawyer.").) Second, while the redaction may shed light on the company's internal decision to retain an attorney, it is not a "communication" between a lawyer and a client, and is therefore not privileged under RCW 5.60.060.

<u>TC 02583</u>

The second redaction on page TC 02583 encompasses one three-sentence paragraph. Twin City argues that the "first two sentences *specifically discuss* Twin City's anticipation of coverage litigation regarding the subject claim." (Dkt. No. 81 at 8 (emphasis in original).) Twin City argues that the third sentence relates to reserves and is therefore also properly redacted. (<u>Id</u>.) Isilon counters that Twin City "does not identify any counsel," nor does Twin City contend that the entry reflects the mental process of any attorney. (Dkt. No. 88 at 3.)

A review of the redacted paragraph shows that it is not protected by the attorney client privilege or the attorney work product doctrine. The paragraph at issue on page TC 02583 does not identify any particular attorney, so it cannot be a "communication" between a client and an attorney. 157 Wn. App. at 275. Instead, it is a statement by a claims adjuster recognizing that a denial of coverage may lead to litigation. It is not covered by the attorney work product doctrine because, while it discusses the possibility of litigation, nothing shows it was explicitly prepared in anticipation of litigation. 357 F.3d at 907. The third sentence is also not protected, because the Court has already held that loss reserve information is relevant here. (Dkt. No. 142 at 5.)

**Conclusion**

Because the two redactions are not protected by the attorney-client privilege or the attorney work product doctrine, Twin City is ORDERED to provide the unredacted Claim Summary Report of July 9, 2010, to Isilon within 5 days of the entry of this order. The clerk is ordered to provide copies of this order to all counsel.

Dated this 30th day of March, 2012.

Marsha J. Pechman
United States District Judge